## 70875. WILLIAMS v. THE STATE.
(334 SE2d 738)

DEEN, Presiding Judge.

On January 26, 1983, during the early morning hours, the victim was awakened in her bed by a man who held a knife to her throat. He raped her and, as she attempted to resist, cut her on her hands and neck. After the assault was completed, the attacker bound her hands and feet and locked her in a bedroom closet. By the time she freed herself and called the police, the rapist had left taking her television, car, and a few pieces of jewelry. The victim could not identify her attacker because the bedroom was dark and he had covered her face.

The police arrived and took her to the hospital where hospital personnel treated her injuries and took vaginal slides and pictures of her lacerations. When the police officers investigated the scene of the attack, they found evidence of forced entry through the kitchen window and of a struggle in the bedroom. They removed several pieces of bloodstained clothing and linen from the bedroom.

The victim's car, television and pocketbook were discovered the next day hidden behind the home of Tyrone Johnson, a friend of the defendant, with whom the appellant was staying. Inside the house, the police found some of the victim's jewelry, a bloodstained pair of pants, a towel, and a shirt. Henry Williams was arrested approximately one month later in Springfield, Massachusetts. The evidence showed that he knew the victim, had propositioned her before the rape, and was aware that she lived alone.

The state presented the following evidence implicating Williams in the crime: fingerprints taken from the bottom of the victim's television set matched his, and blood found on the victim's clothing and bed linen matched his blood type (the victim was O positive, and he was type A). Expert testimony was given by a forensic serologist who studied the stains, vaginal slides and saliva samples, testified that the

victim had been raped by someone with type A blood which contained the enzyme type PGM 2-1, which appears in approximately 11% of the men in Georgia.

The defendant testified on his own behalf and claimed that although he stayed at Johnson's house on the night of the attack, he did not rape or rob the victim and left for Massachusetts the following morning. He claimed that Johnson was the attacker, but that witness was shown to have type B blood. Williams appeals following the denial of his motion for a new trial asserting the general grounds. *Held*:

Construing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could find that the evidence was sufficient to find the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 249 Ga. 751, 754 (295 SE2d 53) (1982).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 10, 1985.

*Robert S. Lanier, Jr.*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.